IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BOTETOURT COUNTY, VIRGINIA, <br> a political subdivision of the <br> Commonwealth of Virginia, <br> 1 West Main Street, Box 1 <br> Fincastle, Virginia 24090 <br><br>     Plaintiff, <br><br>     v. <br><br> ALBERTO R. GONZALES, <br> Attorney General of the <br> United States of America, <br> WAN J. KIM, <br> Assistant Attorney General, <br> Civil Rights Division, United States <br> Department of Justice, Washington, DC, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Botetourt County alleges that:

1. This is an action brought for declaratory relief pursuant to Section 4 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973b (hereinafter "Section 4").  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1343(a)(4), 28 U.S.C. §2201, 42 U.S.C. §1973b, and 42 U.S.C. §1973l(b).

2. Plaintiff Botetourt County ("the County") is a political subdivision of the Commonwealth of Virginia and a political subdivision of a state within the meaning of Section 4(a) of the Voting Rights Act, 42 U.S.C. §1973b(a)(1). Botetourt County, Virginia is located about 233 miles SW of Washington,

DC, in the SW portion of the state in the Roanoke Valley. The County covers 548 square miles.

3. Located within Botetourt County are the towns of Buchanan, Fincastle, and Troutville. Residents of the towns are eligible to participate in town elections and in county elections.

4. Botetourt County is governed by a five-member Board of Supervisors elected from single-member districts. The Botetourt County Board of Supervisors is the governing body that formulates policies for the administration of government in Botetourt County. It is comprised of 5 members elected from single-member districts to serve four-year staggered terms.

5. There are also five elected governmental units that exist completely in Botetourt County within the meaning of 42 U.S.C. §1973b(a)(1). These local governments are the towns of Buchanan, Fincastle, and Troutville. The town councils are all elected at-large. Another governmental unit operating completely within Botetourt County is the Botetourt County School Board, which became an elected body in 1993. Members of the School Board are elected to four-year terms from the same districts as members of the County Board of Supervisors.

6. Botetourt County is a covered jurisdiction subject to the special provisions of the Voting Rights Act, including Section 5 of the Act. 42 U.S.C. §1973c. Under Section 5, the County is required to obtain preclearance from either this Court or from the Attorney General for any change in voting standards,

practices and procedures since the Act's November 1, 1964 coverage date for Virginia.

7. According to the 2000 census, Botetourt County, Virginia has a total population of 30,496. Of this number, 1,073 persons (or 3.5%) are black and 166 (or 0.6%) are Hispanic. The voting age population of the County, according to the 2000 census, is 23,358 of this number, 856 (or 3.7%) are black.

8. Like all other jurisdictions in the Commonwealth of Virginia, the County does not collect or maintain voter registration data by race. Current data show, however, that a significant proportion of the County's voting age population is registered to vote. As of 2005, there were 21,070 registered voters in Botetourt County, or approximately 80% of the County's voting age population.

9. The number of registered voters in the County has steadily risen over the last decade. In 1996, for example, there were 16,045 registered voters in the County. By 2000, the number of registered voters had grown to 19,305. The number of registered voters in the County has continued to grow in the post-2000 years. Thus, from 1996 to 2005, the total number of registered voters in the county has grown by 5,025 (from 16,045 in 1996 to 21,070 in 2005).

10. Voter turnout in elections within Botetourt County (*i.e.*, the percentage of those registered voters who cast ballots) varies according to the offices up for election. In the last four Presidential elections (1992, 1996, 2000, and 2004), for example, 87%, 78%, 74%, and 76% of the County's registered voters

turned out to vote, respectively.  In the General Elections for Governor, the Botetourt County Board of Supervisors, and the County School Board held in November 2001 and 2005, 54.2% and 49.8% of the County's registered voters turned out to vote, respectively.

11. There are currently sixteen (16) polling locations in Botetourt County located conveniently to voters across the County.  All polling places in the County are accessible to voters with physical disabilities.

12. Since its inception in 1965, the Voting Rights Act has allowed States, which are subject to these special provisions of the Act, to exempt themselves from coverage under the Act's special remedial provisions, if they can satisfy standards established in the Voting Rights Act.  This exemption process is known as "bailout".

13. In 1982, Congress made changes in the exemption standards of the Act.  As amended in 1982, Section 4 of the Voting Rights Act provides that States, as well as political subdivisions within those States that are covered under the special provisions of the Act, are entitled to a declaratory judgment in this Court granting an exemption from the Act's special remedial provisions if, during the ten years preceding the filing of the action:

> A) no test or device has been used either for the purpose or with the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, within the State or political subdivision seeking a declaratory judgment;
> B) no final judgment has been entered by any court determining that the political subdivision has denied or abridged the right to vote on account of race, color, or membership in a language minority group;
> C)  no Federal examiners have been assigned to the political subdivision;

      D) all governmental units within the political subdivision have complied with the preclearance provisions of Section 5 of the Voting Rights Act, 42 U.S.C. §1973c; and

      E) the Attorney General has not interposed any objection to any proposed voting change within the political subdivision and no declaratory judgment has been denied with regard to such a change by this Court under Section 5.

14. As amended in 1982, Section 4 of the Act also requires States and political subdivisions seeking an exemption from the Act's special provisions to show that, during the pendency of the declaratory judgment action seeking such exemption:

      A) Any voting procedure or method of election within the state or political subdivision exists which inhibits or dilutes equal access to the electoral process has been eliminated;

      B) Constructive efforts have been made by the political subdivision to eliminate any intimidation or harassment of persons exercising rights under the Voting Rights Act; and

      C) Expanded opportunities for convenient registration and voting exists within the State or political subdivision.

15. As described herein, plaintiff Botetourt County has fully complied with the provisions of Section 4 of the Act.

16. As a political subdivision of the Commonwealth of Virginia, plaintiff Botetourt County has been subject to certain special remedial provisions of the Voting Rights Act, including the provisions of Section 5 of the Act, 42 U.S.C. §1973c. Under Section 5 of the Act, known as the "preclearance" provisions, covered jurisdictions, including Botetourt County, are required to seek and obtain preclearance from either this Court or from the United States Attorney General of any change affecting voting, and such preclearance must be obtained prior to implementation.

17. Since 1982, Botetourt County has made approximately 40 preclearance submissions to the United States Department of Justice pursuant to Section 5

of the Voting Rights Act, 42 U.S.C. §1973c. Of these 40 submissions, 38 were made by the County, 0 were made by the Botetourt County School Board, and 2 others were made by the Towns of Fincastle and Troutville.

18. Within the ten years preceding the filing of this action, Botetourt County has not enforced any voting changes prior to Section 5 preclearance. Nor has the Attorney General ever interposed a Section 5 objection to any change affecting voting in Botetourt County since the Voting Rights Act was first enacted in 1965. The County has never sought judicial preclearance of any voting changes in this Court.

19. Voter registration opportunities in the County are readily and equally available to all citizens. The voter registration office for the County is located in a location that is convenient for all County residents at 2 East Main Street, Fincastle, VA 24090. The voter registration office is open from 8:30am to 4:30pm.

20. Voters in Botetourt County may also register by mail, and voter registration applications are available at locations convenient to voters in the County. The opportunity to become a registered voter in Botetourt County is also available under the National Voter Registration Act (the "NVRA") at the Department of Motor Vehicle ("DMV") offices and at public assistance agencies in Botetourt County. While in past years most voters became registered at the County's voter registration office, the implementation of the NVRA in Virginia over the last decade has changed the origin of many registration applications. Today, many of the County's new registrants register through applications submitted

6

through the DMV and by mail, and the opportunities for persons to register to vote in Botetourt County has been made more convenient and available as a result of implementation of the NVRA.

21. Botetourt County has a three-member Electoral Board, appointed pursuant to Virginia state law, and the Electoral Board presently nominates a roster of persons each February to work as poll workers for a three-year term. Recommendations of persons to be appointed as poll workers originate with the chairs of the local Democratic and Republican parties. No person recommended by a political party chair to serve as a poll official has been rejected by the Electoral Board for at least the preceding ten years.

22. Botetourt County currently has 119 poll workers (as of May 2006), of whom 6 (or 5%) are black. The percentage of black poll workers exceeds the black voting age population percentage (3.7%) in Botetourt County.

23. Two minority candidates have been elected to the town council, one in Fincastle and one in Buchanan. No minority candidate has ever run for county office in Botetourt County.

24. No person in Botetourt County has been denied the right to vote on account of race, color, or membership in language group for at least the preceding ten years.

25. No "test or device" as defined in the Voting Rights Act (42 U.S.C. §1973b(c)) has been used in Botetourt County as a prerequisite to either registering or voting for at least the preceding ten years.

26. No final judgment of any court of the United States has determined that denials or abridgments of the right to vote on account of race or color have occurred in Botetourt County, nor has the County entered into any consent decree, settlement or agreement resulting in any abandonment of a voting practice challenged on such grounds.  There are no pending actions against Botetourt County alleging such denials or abridgments of the right to vote.

27. No voting practices or procedures have been abandoned by the County or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race or color.

28. Botetourt County has not employed any voting procedures or methods of election that inhibit or dilute equal access to the electoral process by minority voters in the County.  Minority voters in Botetourt County are not being denied an equal opportunity to elect candidates of their choice to the County Board of Supervisors, to the County School Board, or to the Town Councils of Fincastle, Buchanan, or Troutville.

29. Federal examiners have never been appointed or assigned to Botetourt County under Section 3 of the Voting Rights Act, 42 U.S.C. §1973a.

30. Because there has not been any known intimidation or harassment of persons exercising rights protected under the Voting Rights Act in Botetourt County within the last ten years, neither the County nor any of its governmental units have had any occasion to take any action eliminating such activity.

31. The allegations set forth in paragraphs 16 through 30, above, if established, entitle Botetourt County to a declaratory judgment under Section 4 of the Voting Rights Act, 42 U.S.C. §1973b, exempting the County and all governmental units within the County from the special remedial provisions of the Voting Rights Act.

32. Pursuant to 42 U.S.C. §1973b, the County has "publicize[d] the intended commencement …of [this] action in the media serving [the County] and in the appropriate United States post offices."  A Notice of Intent to Seek a Bailout was published in the April 19, 2006 edition of the Fincastle Herald (published weekly in Botetourt County), and these notices also were posted in appropriate post offices in the County.  In addition, the County held a public hearing on the proposed bailout on April 25, 2006, which was advertised throughout the County.  At the public hearing on the proposed bailout, not a single person spoke at the hearing in opposition to the bailout or raised any questions about the County's proposed bailout.

WHEREFORE, plaintiff Botetourt County respectfully prays that this Court:

A.  Convene a three-judge court, pursuant to 28 U.S.C. §2284 and 42 U.S.C. §1973b, to hear the claims raised in plaintiff's complaint;

B.  Enter a declaratory judgment that Botetourt County and all governmental units within the County are entitled to a bailout from the special remedial provisions of the Voting Rights Act; and

C.  Grant such other relief as may be necessary and proper as the needs of justice may require.

Respectfully submitted,

**For the Plaintiff BOTETOURT COUNTY:**

/s/ J. Gerald Hebert
J. GERALD HEBERT
Attorney at Law
5019 Waple Lane
Alexandria, Va. 22304
(703) 567-5873 (O)
(703) 567-5876 (fax)
DC Bar No. 447676
Email: jghebert@comcast.net