IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BOTETOURT COUNTY, VIRGINIA, a political subdivision of the Commonwealth of Virginia,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO R. GONZALES, Attorney General of the United States of America, WAN J. KIM, Assistant Attorney General, Civil Rights Division, United States Department of Justice, Washington, DC,<br><br>Defendants. | Civil Action No.<br><br>1:06-CV-01052 (KLH, RMC, JR)<br><br>(three-judge court) |

## STIPULATION OF FACTS

This action was initiated by Botetourt County, a political subdivision of the Commonwealth of Virginia (hereafter "the County"). The County seeks a declaratory judgment pursuant to Section 4(a) of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973b.

The parties have jointly moved this three-judge Court for entry of a Consent Judgment and Decree to resolve this action. In support of that motion, the parties have entered into the following stipulation of facts. The facts in this stipulation may be received into evidence in lieu of further proof or testimony.

It is hereby stipulated, by and between the respective parties, that:

1. Plaintiff Botetourt County ("the County") is a political subdivision of the Commonwealth of Virginia and a political subdivision of a state within the meaning of

Section 4(a) of the Voting Rights Act, 42 U.S.C. §1973b(a)(1). Botetourt County, Virginia is located about 233 miles SW from Washington, DC in the SW portion of the state in the Roanoke Valley. The County covers 548 square miles.

2. Located within Botetourt County are the towns of Buchanan, Fincastle, and Troutville. Residents of the towns are eligible to participate in town elections and in county elections.

3. Botetourt County is governed by a five-member Board of Supervisors elected from single-member districts. There are also four other elected governmental units that exist completely in Botetourt County within the meaning of 42 U.S.C. §1973b(a)(1). These local governments are the towns of Buchanan, Fincastle, and Troutville. The town councils are all elected at-large. Another governmental unit operating completely within Botetourt County is the Botetourt County School Board, which became an elected body in 2005. Members of the School Board are elected to four-year terms from the same districts as members of the County Board of Supervisors.

4. Botetourt County is a covered jurisdiction subject to the special provisions of the Voting Rights Act, including Section 5 of the Act. 42 U.S.C. §1973c. Under Section 5, the County is required to obtain preclearance from either this Court or from the Attorney General for any change in voting standards, practices and procedures since the Act's November 1, 1964, coverage date for Virginia.

5. Botetourt County was designated as a jurisdiction subject to the special provisions of the Voting Rights Act on the basis of the determinations made by the Attorney General that Virginia maintained a "test or device" as defined by Section 4(b) of the Act on November 1, 1964, and by the Director of the Census that fewer than 50

percent of the persons of voting age then residing in the state voted in the 1964 presidential election. 42 U.S.C. §1973b(b). The "test or device" triggering preclearance coverage under Section 5 was an article of the Virginia Constitution providing for a literacy test as a prerequisite for citizens to become electors. Va. Const. Art. II, Sec. 20 (1902). The literacy test was repealed by the Virginia Constitution of 1972.

6. The Botetourt County Board of Supervisors is the governing body that formulates policies for the administration of government in Botetourt County. It is comprised of 5 members elected from single-member districts to serve four-year terms, which run concurrently.

7. According to the 2000 census, Botetourt County, Virginia, has a total population of 30,496. Of this number, 1,073 persons (or 3.5%) are black and 166 (or 0.6%) are Hispanic. The voting age population of the County, according to the 2000 census, is 23,358. Of this number, 856 (or 3.7%) are black.

8. Like other jurisdictions in the Commonwealth of Virginia, the County does not collect or maintain voter registration data by race. Current data show, however, that a significant proportion of the County's voting age population is registered to vote. As of 2005, there were 21,070 registered voters in Botetourt County, or approximately 65%.

9. The number of registered voters in the County has steadily risen over the last decade. In 1996, for example, there were 16,045 registered voters in the County. By 2000, the number of registered voters had grown to 19,305. The number of registered voters in the County has continued to grow in the post-2000 years. Thus, from 1996 to 2005, the total number of registered voters in the county has grown by 5,025 (from 16,045 in 1996 to 21,070 in 2005).

10. Voter turnout in elections within Botetourt County (*i.e.*, the percentage of those registered voters who cast ballots) varies according to the offices up for election. In the last four Presidential elections (1992, 1996, 2000, and 2004), for example, 87%, 78%, 74%, and 76% of the County's registered voters turned out to vote, respectively. In the General Elections for Governor, the Botetourt County Board of Supervisors, and the County School Board held in November 2001 and 2005, 54.2% and 49.8% of the County's registered voters turned out to vote, respectively.

11. There is presently one polling location located conveniently to voters across the County. All polling places in the County are accessible to voters with physical disabilities.

12. Two minority candidates have been elected to the town council, one in Fincastle and one in Buchanan. No minority candidate has ever run for county office in Botetourt County.

13. Since 1982, Botetourt County has made approximately 40 preclearance submissions to the United States Department of Justice pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. §1973c. Of these 40 submissions, 38 were made by the County, 0 were made by the Botetourt County School Board, and 2 others were made by the Towns of Fincastle and Troutville.

14. Within the ten years preceding the filing of this action, Botetourt County has not enforced any voting changes prior to Section 5 preclearance. Nor has the Attorney General interposed a Section 5 objection to any change affecting voting in Botetourt County within the past ten years. The County has never sought judicial preclearance of any voting changes in this Court.

15. Voter registration opportunities in the County are readily and equally available to all citizens. The voter registration office for the County is located in a location that is convenient for all County residents: 2 East Main Street, Fincastle, VA 24090. The voter registration office is open from 8:30am to 4:30pm.

16. Voters in Botetourt County may also register by mail, and voter registration applications are available at locations convenient to voters in the County. The opportunity to become a registered voter in Botetourt County is also available under the National Voter Registration Act (the "NVRA") at the Department of Motor Vehicle ("DMV") offices and at public assistance agencies in Botetourt County. While in past years most voters became registered at the County's voter registration office, the implementation of the NVRA in Virginia over the last decade has changed the origin of many registration applications. Today, many of the County's new registrants register through applications submitted through the DMV and by mail, and the opportunities for persons to register to vote in Botetourt County has been made more convenient and available as a result of implementation of the NVRA.

17. Botetourt County has a three-member Electoral Board, appointed pursuant to Virginia state law, and the Electoral Board presently nominates a roster of persons each February to work as poll workers for a three-year term. Recommendations of persons to be appointed as poll workers originate with the chairs of the local Democratic and Republican parties. No person recommended by a political party chair to serve as a poll official has been rejected by the Electoral Board for at least the preceding ten years.

18. Botetourt County currently has 119 poll workers (as of May 2006), of whom 6 (or 5%) are black. The percentage of black poll workers exceeds the black voting age population percentage (3.7%) in Botetourt County.

19. The General Registrar of Voters for Botetourt has made constructive efforts to reach out to minority voters. For example, in 2004 and 2005 in Botetourt County, the black community in the County has sponsored an event called Heritage Days. It was held in May of each year (it was not held in May 2006 due to the illness of one of the event organizers). At this event, which was held in Fincastle, the General Registrar of Botetourt County attended each year for the specific purpose of reaching out to minority citizens so they could become registered voters and also to recruit poll officials to assist in conducting elections. As part of this event, the Registrar also conducted a demonstration of electronic voting equipment to educate minority voters about the new voting equipment and how to vote on it.

20. No person in Botetourt County has been denied the right to vote on account of race, color, or membership in a language group for at least the preceding ten years.

21. No "test or device" as defined in the Voting Rights Act (42 U.S.C. §1973b(c)) has been used in Botetourt County as a prerequisite to either registering or voting for at least the preceding ten years.

22. No final judgment of any court of the United States has determined that denials or abridgments of the right to vote on account of race or color has occurred in Botetourt County, nor has the County entered into any consent decree, settlement or agreement resulting in any abandonment of a voting practice challenged on such grounds.

There are no pending actions against Botetourt County alleging such denials or abridgments of the right to vote.

23. No voting practices or procedures have been abandoned by the County or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race or color.

24. Botetourt County has not employed any voting procedures or methods of election that inhibit or dilute equal access to the electoral process by minority voters in the County. Minority voters in Botetourt County are not being denied an equal opportunity to elect candidates of their choice to the County Board of Supervisors, to the County School Board, or to the Town Councils of Fincastle, Buchanan, or Troutville.

25. Federal examiners have never been appointed or assigned to Botetourt County under Section 3 of the Voting Rights Act, 42 U.S.C. §1973a.

26. Because there hasn't been any known intimidation or harassment of persons exercising rights protected under the Voting Rights Act in Botetourt County within the last ten years, neither the County nor any of its governmental units have had any occasion to eliminate such activity.

27. Pursuant to 42 U.S.C. §1973b, Botetourt County has publicized its intention to pursue this bailout in the following ways: A Notice of Intent was published in the April 19, 2006, edition of the Fincastle Herald (published weekly in Botetourt County), and notices were posted in all post offices with a zip code that includes residences of Botetourt County voters, of the County's intent to seek bailout and of the April 25, 2006, meeting of the Board of Supervisors seeking input from the residents of the County.

28. The United States has determined that it is appropriate to consent to a declaratory judgment in this action, pursuant to Section 4(a)(9) of the Voting Rights Act. This consent is premised upon an understanding that Congress intended Section 4(a)(9) to permit bailout in those cases where the Attorney General is satisfied that the statutory objectives of encouraging Section 5 compliance, and preventing the use of racially discriminatory voting practices, would not be compromised by such consent.

29. The United States' consent in this action is based upon its own factual investigation and consideration of all of the circumstances in this case, including the views of minority citizens in the County, the fact that there are no defendant-intervenors, the affirmative steps taken by the County to increase voter participation, and the absence of evidence of racial polarization or discrimination in the electoral process within the County.

Approved as to form and content:

For the Plaintiff BOTETOURT COUNTY: *[signature]*

J. GERALD HEBERT
Attorney at Law
5019 Waple Lane
Alexandria, Va. 22304
(703) 567-5873 (O)
(703) 567-5876 (fax)
DC Bar No. 447676

For the Defendants:

ALBERTO R. GONZALES
Attorney General

WAN J. KIM:
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

*[signature]*
JOHN TANNER
CHRISTY A. McCORMICK

Attorneys, Voting Section
Civil Rights Division
United States Department of Justice
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, DC 20530
(202) 514-2386