IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BOTETOURT COUNTY, VIRGINIA, | ) | |
| a political subdivision of the | ) | |
| Commonwealth of Virginia, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALBERTO R. GONZALES, | ) | |
| Attorney General of the | ) | Civil Action No. |
| United States of America, | ) | |
| WAN J. KIM, | ) | 1:06CV-01052 (KLH, RMC, JR) |
| Assistant Attorney General, | ) | |
| Civil Rights Division, United States | ) | (three-judge court) |
| Department of Justice, Washington, DC, | ) | |
| | ) | |
| Defendants. | ) | |

CONSENT JUDGMENT AND DECREE

This action was initiated by Botetourt County, Virginia, a political subdivision of

the Commonwealth of Virginia (hereafter "the County"). The County is subject to the

provisions of Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973c.

The County seeks a declaratory judgment under Section 4 of the Voting Rights Act of

1965, as amended, 42 U.S.C. §1973b. A three-judge court has been convened as provided

in 42 U.S.C. §1973b(a)(5) and 28 U.S.C. §2284.

Section 4(a) of the Voting Rights Act provides that a state or political subdivision

subject to the special provisions of the Act may be exempted from those provisions if it

can demonstrate in an action for a declaratory judgment before the United States

District Court for the District of Columbia that for the ten-year period prior to filing the

action and during its pendency, it has both 1) complied with the Voting Rights Act, and

2) taken positive steps both to encourage minority political participation and to remove

structural barriers to minority electoral influence.  In order to demonstrate compliance

with the Voting Rights Act during the ten-year period prior to commencement of a

declaratory judgment action under Section 4(a), the County must satisfy five conditions:

> 1) the County has not used any test or device during that
> ten-year period for the purpose or with the effect of denying or
> abridging the right to vote on account of race or color;
> 2) no court of the United States has issued a final judgment
> during that ten-year period that the right to vote has been
> denied or abridged on account of race or color within the
> territory of the County, and no consent decree, settlement or
> agreement may have been entered into during that ten-year period
> that resulted in the abandonment of a voting practice challenged
> on such grounds; and no such claims may be pending at the time
> the declaratory judgment action is commenced;
> 3) no Federal examiners have been assigned to the County
> pursuant to the Voting Rights Act during the ten-year period
> preceding commencement of the declaratory judgment action;
> 4) the County and all governmental units within its
> territory must have complied with Section 5 of the Voting Rights
> Act, 42 U.S.C.§1973c, during that ten-year period, including the
> requirement that voting changes covered under Section 5 not be
> enforced without Section 5 preclearance, and that all voting
> changes denied Section 5 preclearance by the Attorney General or
> the District Court for the District of Columbia have been
> repealed; and
> 5) neither the Attorney General nor the District Court for
> the District of Columbia have denied Section 5 preclearance to a
> submission by the County or any governmental unit within its
> territory during that ten-year period, nor may any Section 5
> submissions or declaratory judgment actions be pending. 42
> U.S.C. §1973b(a)(1)(A-E).

In addition, to obtain the declaratory judgment, the County and all governmental

units within its territory must have: 1) eliminated voting procedures and methods of

election that inhibit or dilute equal access to the electoral process, 42 U.S.C.

§1973b(a)(1)(F)(i); and 2) engaged in constructive efforts to eliminate intimidation

or harassment of persons exercising voting rights, and to expand the opportunity for convenient registration and voting for every person of voting age, and the appointment of minority persons as election officials throughout the jurisdiction and at all stages of the election and registration process, 42 U.S.C. §1973b(a)(1)(F)(ii-iii). The County is required to present evidence of minority participation in the electoral process, including the levels of minority group registration and voting, changes in such levels over time, and disparities between minority group and non-minority group participation. 42 U.S.C. §1973b(a)(2). In the ten years preceding bailout, the County must not have engaged in violations of any provision of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color. 42 U.S.C. §1973b(a)(3). Finally, the County must provide public notice of its intent to seek a Section 4(a) declaratory judgment. 42 U.S.C. §1973b(a)(4).

The Defendant United States, after investigation, has agreed that the Plaintiff has fulfilled all conditions required by Section 4(a) and is entitled to the requested declaratory judgment. The parties have filed a joint motion, accompanied by a Stipulation of Facts, for entry of this Consent Judgment and Decree.

FINDINGS

Pursuant to the parties' stipulations and joint motion, this Court finds as follows:

1. The County is a political subdivision of the Commonwealth of Virginia, and a political subdivision of a state within the meaning of Section 4(a) of the Voting Rights Act, 42 U.S.C. §1973b(a)(1).

2. Botetourt County is governed by a five-member Board of Supervisors elected from districts. There are also four other elected governmental units that exist completely

in Botetourt County within the meaning of 42 U.S.C. §1973b(a)(1). These include the town governments of Buchanan, Fincastle, and Troutville. The town councils are all elected at-large. Another governmental unit operating completely within Botetourt County is the Botetourt County School Board, which became an elected body in 2005. Members of the School Board are elected to four-year terms from the same districts as members of the County Board of Supervisors.

3. The County is a covered jurisdiction subject to the special provisions of the Voting Rights Act, including Section 5 of the Act, 42 U.S.C. § 1973c.

4. The County was designated as a jurisdiction subject to the special provisions of the Voting Rights Act on the basis of the determinations made by the Attorney General that Virginia maintained a "test or device" as defined by section 4(b) of the Act, 42 U.S.C. § 1973b(b), on November 1, 1964, and by the Director of the Census that fewer than 50 percent of the persons of voting age residing in the state voted in the 1964 presidential election.

5. No discriminatory test or device has been used by the County during the ten years prior to the commencement of this action for the purpose or with the effect of denying or abridging the right to vote on account of race or color.

6. No person in the County has been denied the right to vote on account of race or color during the past ten years.

7. No court of the United States has issued a final judgment during the last ten years prior to the commencement of this action that the right to vote has been denied or abridged on account of race or color in Botetourt County, and no consent decree, settlement, or agreement has been entered into resulting in any abandonment of a voting

practice challenged on such grounds during that time. No such claims presently are pending or were pending at the time this action was filed.

8. No Federal Examiners have been assigned to the County within the ten-year period preceding this action.

9. The County has not enforced any voting changes prior to receiving Section 5 preclearance during the ten-year period preceding this action.

10. All voting changes submitted by the County under Section 5 of the Voting Rights Act, 42 U.S.C. §1973c, have been precleared by the Attorney General. No Section 5 submissions by the County are pending before the Attorney General. The County has never sought Section 5 judicial preclearance from this Court.

11. No voting practices or procedures have been abandoned by the County or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race or color during the ten-year period preceding this action.

12. The County does not employ voting procedures or methods of election which inhibit or dilute equal access to the electoral process by the County's minority citizens.

13. There is no indication that in the past ten years any persons in Botetourt County have been subject to intimidation or harassment in the course of exercising their right to participate in the political process.

14. The County has engaged in constructive efforts over the years to enhance registration and voting opportunities for all of its citizens of voting age by adding additional hours and locations for persons to register to vote and by adding additional polling locations for persons to cast ballots as necessary.

15. Since the County does not record the race of its registered voters, it is unable to present evidence directly measuring minority voter participation, but the County has provided evidence of voter participation for elections since 1990. Current data show, for example, that a significant proportion of the County's voting age population is registered to vote. As of 2005, there were 21,070 registered voters in Botetourt County, or approximately 65% of the voting age population. Turnout has been highest in the County in presidential election years. For example, in the last four Presidential elections (1992, 1996, 2000, and 2004), 87%, 78%, 74%, and 76% of the County's registered voters turned out to vote, respectively.

16. The County has not engaged, within the ten years prior to the commencement of this action, in any violations of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color.

17. The County has publicized the intended commencement and proposed settlement of this action in the media and in appropriate United States post offices as required under 42 U.S.C. §1973b(a)(4). No aggrieved party has sought to intervene in this action pursuant to 42 U.S.C. §1973b(a)(4).

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. The Plaintiff, Botetourt County, Virginia is entitled to a declaratory judgment in accordance with Section 4(a)(1) of the Voting Rights Act, 42 U.S.C. §1973b(a)(1);

2. The parties' Joint Motion for Entry of Consent Judgment and Decree is GRANTED, and Botetourt County, including the Botetourt County School Board and the towns of Buchanan, Fincastle, and Troutville, shall be exempt from coverage pursuant to

Section 4(b) of the Voting Rights Act, 42 U.S.C. §1973b(b), provided that this Court shall retain jurisdiction over this matter for a period of ten years. This action shall be closed and placed on this Court's inactive docket, subject to being reactivated upon application by either the Attorney General or any aggrieved person in accordance with the procedures set forth in 42 U.S.C. §1973b(a)(5).

3. The parties shall bear their own costs.

Entered this _____ day of _____, 2006.

_____
UNITED STATES CIRCUIT JUDGE

_____
UNITED STATES DISTRICT JUDGE

_____
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

**For the Plaintiff Botetourt County, Virginia**

J. GERALD HEBERT
Attorney at Law
5019 Waple Lane
Alexandria, Va. 22304
(703) 567-5873 (O)
(703) 567-5876 (fax)
DC Bar No. 447676

**For the Defendants Alberto R. Gonzales**
**and Wan J. Kim:**

KENNETH L. WAINSTEIN
United States Attorney

JOHN TANNER
CHRISTY A. McCORMICK
Attorneys, Voting Section
Civil Rights Division
United States Department of Justice
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, DC 20530
(202) 514-2386