IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BOTETOURT COUNTY, VIRGINIA,<br>a political subdivision of the<br>Commonwealth of Virginia,<br><br>    Plaintiff,<br><br>    v.<br><br>ALBERTO R. GONZALES,<br>Attorney General of the<br>United States of America,<br>WAN J. KIM,<br>Assistant Attorney General,<br>Civil Rights Division, United States<br>Department of Justice, Washington, DC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br><br>Civil Action No.<br><br>1:06CV-01052 (KLH, RMC, JR)<br><br>(three-judge court) |

## PLAINTIFF'S REPORT TO THE COURT

On August 11, 2006, plaintiff Botetourt County ("the County"), along with the defendants Gonzales and Kim, filed a joint motion with this three-judge court to approve a consent judgment and decree. The consent judgment and decree would grant a bailout to the County from the special provisions of the Voting Rights Act of 1965, as amended.

The County desires to make some routine voting changes (*e.g.,* moving a polling place) in connection with the upcoming Fall elections that require implementation in the very near future (*e.g*., notifying voters of a new polling place or precinct location). Section 4 of the Voting Rights Act states in part that, for a jurisdiction to obtain a bailout, it must not at the time bailout is sought have any proposed voting changes pending before the Attorney General for Section 5 preclearance review. See 42 U.S.C. §1973b(a)(1)(E). Although the County has no such submissions pending at this time, it does desire to

implement a few minor, routine voting changes this Fall—changes that would require Section 5 preclearance if the County has not received a bailout. Thus, time is of the essence for the County to receive the requested bailout so that no Section 5 preclearance submissions will be pending at the time bailout is sought.

Accordingly, the County respectfully requests that the three-judge court approve the consent judgment and decree as soon as possible. Counsel for the County stands ready to assist the Court in any way possible to expedite the handling of this matter.

>Respectfully submitted,
>
>/s/ J. Gerald Hebert
>J. GERALD HEBERT
>Attorney at Law
>5019 Waple Lane
>Alexandria, Va. 22304
>(703) 628-4673 (Office)
>DC Bar No. 447676

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2006, I served a copy of the foregoing report on counsel for the defendants: by email; by first-class mail, postage prepaid; and by placing a copy in the electronic file of this Court.

>/s/ J. Gerald Hebert
> J. Gerald Hebert